NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-72-HRW

BRYAN A. REEVES                                                                                          PLAINTIFF

VS:            **MEMORANDUM OPINION AND ORDER**

TINA RATLIFF, ET AL.                                                                                  DEFENDANTS

The plaintiff, Bryan A. Reeves, who lists his address as 70 Sandy Hill Drive, Grayson, Kentucky 41143, has filed this *pro se* civil rights proceeding under 42 U.S.C. § 1983 [Record No. 1]. He has paid the $350.00 filing fee.

To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

NAMED DEFENDANTS

The named defendants are: (1) the Commonwealth of Kentucky's Cabinet for Health and Family Services ("the Cabinet")[1] and (2) Tina Ratliff, individually and in her official capacity as an employee of the Cabinet.

---

[1] The plaintiff correctly notes that the Cabinet is an agency of the Commonwealth of Kentucky.

CLAIMS

The petitioner alleges that he is the natural father of two twin boys, C. M. R. and C. F.R. to whom Tabitha Justice gave birth on March 14, 2002, in Ashland, Kentucky. He states that Tina Ratliff, in her capacity as an employee of the Cabinet, seized C. M. R. and C. F. R on March 18, 2002 and placed them in foster care where they remained until April 23, 2005.[2]

Plaintiff alleges that although the defendants filed suit in the Boyd District Court to terminate Tabitha Justice's parental rights to C. M. R. and C. F. R., they did not take steps to join him in that action, or to otherwise recognize and/or adjudicate his parental rights to C. M. R. and C. F. R  Plaintiff alleges that under K. R.S. 404.023,[3] he was entitled to have been joined in the Boyd District Court action and to have his parental rights adjudicated. He alleges that the defendants placed the twin infants in foster care in order to assist and allow the foster parents (not identified by name) to adopt C. M. R. and C. F. R.

Construed broadly, the plaintiff's claims would fall under the Fourteenth Amendment of the United States Constitution, which guarantees due process of law. Although the plaintiff alleges that he suffered financial damages in excess of $500,000.00, he seeks judgment only in the amount of $700.00.

---

[2] The plaintiff does not state what happened to the twin infants on or after April 23, 2005. Giving the complaint a broad reading, it would appear that the foster parents may have legally adopted the twin infants on that date.

[3] The Court could not locate any Kentucky statute identified as "K. R.S. 404.023." The statutes which govern involuntary termination of parental rights are set forth in K. R. S. Chapter 625. *See* 625.050 "Involuntary termination of Parental Rights."

<u>RELIEF REQUESTED</u>

The plaintiff seeks monetary damages from the defendants, jointly and severally, in the amount of $700.0, plus court costs and fees. It would further appear that the plaintiff also seeks injunctive relief from the Court, in the form of an order directing the Cabinet: (1) to recognize his paternity rights with regard to the infants C. M. R. and C. F.R.; and (2) to enforce his plaintiff's parental rights to C. M. R. and C. F. R , including visitation with C. M. R. and C. F. R, and the circumcision of C. M. R. and C. F. R.

DISCUSSION
1. <u>Authority to Screen</u>

The Court screens this non-prisoner, fee-paid complaint under the authority of *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). *Apple v. Glenn* permits a district court to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid complaint filed by a non-prisoner if it appears the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). *Sua sponte* dismissal is also appropriate where claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d at 480. Under these circumstances, amendment would not be permitted after dismissal to cure such defects.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). For several reasons, the

Court determines that the instant complaint must be dismissed.

## 2. *Rooker-Feldman* Doctrine

It appears that the plaintiff challenges the outcome of a parental rights action filed in either the Boyd District or Circuit Court in 2002. The plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n. 16, 103 S. Ct. 1303, 75 L. Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *See Feldman*, 460 U.S. at 486-87; *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir.2000). A plaintiff's claims are inextricably intertwined with a state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *see Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *See Patmon*, 224 F.3d at 509-10; *Catz*, 142 F.3d at 293

A fair reading of the complaint reveals that the plaintiff's federal claims are an impermissible appeal of a state court judgment. They essentially raise specific grievances regarding the decisions in either the Boyd District or Circuit Court, regarding the legal termination of parental rights to C. M. R. and C. F.R.  *See Bodell v. McDonald*, 4 Fed. Appx.

276, 278 (6th Cir. (Ky) February 7, 2001) (not selected for publication in the Federal Reporter) (Father whose parental rights had been terminated could not bring § 1983 action seeking injunctive and declaratory relief preventing state court judge from presiding over any cases involving him, and declaring termination and adoption proceedings null and void; to extent he was challenging final outcome of state court proceeding, suit was barred by *Rooker-Feldman* doctrine as an attempted appeal from the state court's decision, and if state court case was not yet final because of post-judgment motions, *Younger* doctrine required abstention). [4]

Thus, this Court lacks jurisdiction over any challenge the plaintiff is making to the legal proceedings held in either the Boyd District or Circuit Court regarding paternity or parental rights to C. M. R. and C. F.R. *See Marshall v. Bowles*, 92 Fed.Appx. 283, 284 (6th Cir. (Ohio) March 14, 2005) (not selected for publication in the Federal Reporter) (federal district court lacked jurisdiction over plaintiff's challenge to the legal proceedings held in a state domestic relations court). *See also Evans v. Klaeger*, 12 Fed. Appx. 326 (6th Cir. (Ohio) June 12, 2001) (not selected for publication in the Federal Reporter)(same).

### 3. No Authority to Compel Action

To the extent that the plaintiff alleges that the defendants should be required to comply with any K. R.S. Chapter 625 or any other Kentucky statutes relating to the termination of parental rights, the Court has no authority to do so. A federal court has no superintending function or control over a state court. Federal Courts have no general power to compel action by state officers, including state judicial officers. *Davis v. Lansing*, 851 F. 2d 72, 74 (2nd Cir.

---

[4] *See Younger v. Harris*, 401 U.S. 37, 43-44, 91 S. Ct. 746, 27 L. Ed.2d 669 (1971).

1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). Federal courts are without authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee, supra*.

### 4. Statute of Limitations

Finally, the plaintiff complains about actions which the defendants took on March 18, 2002. He did not file this action until April 24, 2006, four (4) years later. The plaintiff is advised that his claims under § 1983 would be time-barred. Kentucky has a one-year statute of limitations on personal injury actions, K. R .S. § 413.140, which is applicable to § 1983 claims. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179 (6th Cir. 1990); *Demery v. City of Youngstown*, 818 F.2d 1257, 1261 (6th Cir. 1987).

"A complaint does not present a rational basis in law if it is time-barred by the appropriate statute of limitations. When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate." *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir.1995); *see also Paige v. Pandya*, 238 F.3d 423, 2000 WL 1828653, **1 (6th Cir. (Mich.)) (Unpublished opinion); *Alston v. Tennessee Dept. of Corrections*, 28 Fed. Appx. 475, 2002 WL 123688 (6th Cir.(Tenn.).

The plaintiff's §1983 claims are dismissed with prejudice, as time-barred.

### CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1)   The plaintiffs' claims under 42 U.S.C. §1983 are **DISMISSED WITH**

**PREJUDICE**.

    (2)    Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the defendants.

This May 5, 2006.



Signed By:
*Henry R Wilhoit Jr.*
United States District Judge